PEARL KLEIN et al., Plaintiffs, *v.* CITY OF NEW YORK, Defendant.[*]

Supreme Court, Special Term, Kings County, January 21, 1947.

* Cf. *Hoppe* v. *City of New York*, 189 Misc. 67, and *Rozell* v. *City of New York*, 271 App. Div. 832.— [REP.

*M. Benjamin Baron* and *Julius R. Altarsh* for plaintiffs.

*Charles E. Murphy, Corporation Counsel* (*Sidney B. Fisher* of counsel), for defendant.

WALSH, J. After this case had been sent to a Part for trial, plaintiffs moved to amend the notice of claim served on the City of New York by striking therefrom the words " bearing omnibus No. 806." The injured plaintiff contends that some witness not now available gave her the bus number. Defendant City of New York shows that this was an unreported case and that the bill of particulars served by plaintiff stated the bus number was 806.

Section 50-e of the General Municipal Law, as effective September 1, 1945, is cited by plaintiffs as authority for the motion. The notice of claim was served before September 1, 1945.

The amendment was made by chapter 694 of the Laws of 1945. Section 14 thereof provides that the amendment shall take effect September 1, 1945, and " shall apply to claims against public corporations * * * which were not barred by applicable statutory or case law in force prior to September first, nineteen hundred forty-five * * *." It would appear that section 50-e, as enacted, applies to the claim in this case. However, subdivision 6 of section 50-e provides that " a mistake, omission, irregularity or defect made in good faith in the notice of claim * * *, not pertaining to the manner or time of service thereof, may be corrected, supplied or disregarded, as the case may be, in the discretion of the court, provided it shall appear that the other party was not prejudiced thereby." This court cannot say that the City of New York would not be prejudiced by such an amendment. As far as the record appears, the claim has been limited to bus No. 806. In an examination before trial conducted on January 20, 1947, the attorney for the defendant city disclosed that according to its investigation the bus in the vicinity of the place and at the time of the alleged accident was bus No. 811.

Under the circumstances, the motion to amend is denied, without prejudice to a prosecution of the action under the notice of claim as filed, during which the trial court may determine whether or not the error in the bus number makes the notice of claim defective.